IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Ivory Williams, Topaz Williams-Fripp, and Ivory Williams as Guardian of R.F., a minor,

        Plaintiffs,

v.

The Beaufort County Sheriff's Office, Deputy Sheriff William Grey, Sergeant Troy Krapf, and the South Carolina Highway Patrol,

        Defendants.

Civil Action No. 9:24-cv-1746-BHH

**<u>ORDER</u>**

Plaintiffs Ivory Williams, Topaz Williams-Fripp, and Ivory Williams, as guardian of R.F., a minor (collectively, "Plaintiffs") filed this action in state court, alleging various claims arising under state law, as well as a federal claim pursuant to 42 U.S.C. § 1983, and the matter was removed to federal court on April 8, 2024.  (ECF Nos. 1, 1-2.)  Defendants The Beaufort County Sheriff's Office ("BCSO"), Deputy Sheriff William Grey ("Gray"[1]), Sergeant Troy Krapf ("Krapf"), and the South Carolina Highway Patrol ("SCHP") (collectively, "Defendants") filed a motion for summary judgment on July 29, 2025.  (ECF No. 19.)  Plaintiffs filed a response in opposition, and Defendants filed a reply.  (ECF Nos. 24, 26.)  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On December 17, 2025, United States Magistrate Judge Molly H. Cherry filed a

---

[1] As the Magistrate Judge noted, Defendant is identified as William Grey in the complaint, but the evidence indicates his last name is spelled "Gray."  (ECF No. 25.)  Accordingly, the Court uses the correct spelling when referring to this Defendant in this order.

Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Defendants' motion for summary judgment as to Plaintiffs' § 1983 claim and remand Plaintiffs' remaining state law claims to the state court from which this case was removed. (ECF No. 31.) Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. After being granted an extension of time, Plaintiffs filed objections to the Report on January 14, 2026, and Defendants filed a reply on January 22, 2026. (ECF Nos. 34, 36.)

Now, for the reasons set forth below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's Report in full, thereby granting Defendants' motion for summary judgment as to Plaintiffs' § 1983 claim and remanding Plaintiffs' state law claims to state court.

## STANDARDS OF REVIEW

### I.    Summary Judgment

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121,

123 24 (4th Cir. 1990).

"As the moving party, Defendants are required to identify those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which they believe demonstrate the absence of genuine issues of material fact." *Perez v. Arnold Transp.*, No. 3:15-cv-3162-TLW, 2018 WL 2301850, at *3 (D.S.C. Feb. 12, 2018) (quoting *Celotex*, 477 U.S. at 323). "As the nonmoving party, Plaintiff[ ] must then produce specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 477 U.S. at 317). "Plaintiffs may not rest on mere allegations or denials; they must produce 'significant probative evidence tending to support the complaint.' " *Id.* (quoting *Anderson*, 477 U.S. at 248). In other words, "the nonmoving party must go beyond the facts alleged in the pleadings and instead rely upon affidavits, depositions, or other evidence to show a genuine issue for trial." *Crawford v. Newport News Indus. Corp.*, No. 4:14-cv-130, 2018 WL 4561671, at *2. (E.D. Va. Mar. 2, 2018) (citing *Celotex*, 477 U.S. at 317), adopted in part, 2018 WL 2943445 (E.D. Va. June 11, 2018), appeal dismissed sub nom. *Kershaw v. Newport News Indus. Corp.*, 2018 WL 8058614 (4th Cir. Oct. 25, 2018).

## II.    The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the

Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

Plaintiffs' claims in this action arise from a traffic stop in Beaufort County, South Carolina, that occurred on February 11, 2022.  Plaintiffs–a mother and her two teenage children–were returning from a basketball game in Charleston at the time of the traffic stop, which was captured on dashcam footage.

As an initial matter, the Court notes that no party objects to the Magistrate Judge's recitation of the relevant facts, which the Magistrate Judge gleaned from the evidence before the Court, including excerpts of the parties' depositions; the testimony and report of Defendants' expert; BCSO's General Orders Manual and the South Carolina Department of Public Safety Traffic Enforcement Policy; a call log from the date of the traffic stop; and video and audio footage from the traffic stop.  (ECF No. 31 at 2, n. 2.)  The Court specifically incorporates the Magistrate Judge's summary of the relevant facts set forth on pages two through five of her Report and repeats herein only the facts as necessary to address Plaintiffs' objections.

After summarizing the facts in her Report, the Magistrate Judge next set forth the appropriate standard of review and the law applicable to Plaintiff's § 1983 claim.  (*Id.* at 5-9.)  As the Magistrate Judge noted, Plaintiffs bring a § 1983 claim against Defendants for

false arrest in violation of the Fourth Amendment based on (1) wrongful seizure, (2) unnecessary and excessive force, and (3) detainment without probable cause. (ECF No. 1-2 at 6.)

As to their claim that Defendants wrongfully seized and detained Plaintiffs, the Magistrate Judge outlined the applicable law and found that the evidence before the Court showed that Gray's actions in initiating the traffic stop were justified (and were, in fact, supported by probable cause) and that Defendants' actions in extending the duration of the traffic stop were reasonable. (*Id.* at 7-17.) Likewise, as to Plaintiffs' claim that Defendants used excessive force while detaining them (by using assault rifles, by shackling them in handcuffs, and by injuring two minor children), the Magistrate Judge again outlined the applicable law and found that Defendants' actions were all objectively reasonable. (*Id.* at 17-21.) Additionally, the Magistrate Judge alternatively recommended that the Court grant summary judgment in favor of Defendants based on qualified immunity. (*Id.* at 21-22.) Lastly, the Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and instead remand those to state court for consideration. (*Id.* at 23-24.)

In their objections to the Magistrate Judge's Report, Plaintiffs first generally assert that the Magistrate Judge erred in finding that no genuine issue of material fact exists as to Plaintiffs' § 1983 claim for Fourth Amendment violations related to Defendants' alleged wrongful seizure, unnecessary and excessive force, and detainment without probable cause. (ECF No. 34 at 1.) According to Plaintiffs, the Magistrate Judge erred in finding that Defendant Gray had both reasonable suspicion and probable cause to conduct a lawful stop of Plaintiffs' vehicle. (*Id.*) Plaintiffs further assert that the Magistrate Judge erred in

her assessment of Gray's testimony regarding his visual assessment of the speed of Plaintiffs' vehicle in light of the potential inaccuracy of the radar gun and where the dash camera footage showed inaccuracies in Gray's testimony. (*Id.* at 2.) Plaintiffs also assert that the Magistrate Judge erred in concluding that the traffic stop was reasonably related in scope to the basis for the stop and in concluding that Defendants had authority to detain Plaintiffs. (*Id.*)

Next, Plaintiffs repeat their claim that their behavior did not warrant the brandishing of assault rifles by officers or the use of handcuffs, and they contend that the Magistrate Judge erred in finding that Defendants' use of force was objectively reasonable, where Plaintiffs put on their hazard lights, did not speed, and called 9-1-1 to alert the dispatcher of their concerns. (*Id.* at 2-3.) According to Plaintiffs, the Magistrate Judge erred in finding that Defendants were unable to assess whether Plaintiffs posed a threat to their safety and in finding that Plaintiffs were not injured as the video footage clearly demonstrates physical and psychological harm to the children. (*Id.* at 3-4.) Plaintiffs contend that the evidence creates a genuine issue of material fact as to Defendants' use of excessive force, and Plaintiffs argue that Defendants are not entitled to qualified immunity because Defendants did not have reasonable suspicion to stop Plaintiffs. (*Id.* at 4.)

After *de novo* review, the Court finds Plaintiffs' objections wholly unavailing. While Plaintiffs generally disagree with all of the Magistrate Judge's findings, after a *de novo* review of the evidence of record, including the relevant deposition testimony and video footage, and after considering the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the evidence and applied the correct principles of law in evaluating the merits of Plaintiffs' § 1983 claim. Indeed, for the reasons set forth below,

the Court finds no error in the Magistrate Judge's analysis and fully agrees with her findings and recommendations.

First, as to the Magistrate Judge's finding that Defendant Gray's actions were reasonable in initiating the traffic stop, the Court notes that Plaintiffs' objections overlook numerous salient facts. As the Magistrate Judge explained, Gray was not required to have probable cause to execute the traffic stop at issue; rather, the first prong of the *Terry* analysis is satisfied when it is lawful for police to detain an automobile and its inhabitants pending inquiry into a failure to follow traffic laws. (ECF No. 31 at 10 (quoting *United States v. Palmer*, 820 F.3d 640, 649 (4th Cir. 2016) (other citations omitted).) Here, as the Magistrate Judge properly found, not only did Defendant Gray have reasonable suspicion to believe that a traffic violation had occurred based on the evidence of record, but also, Gray had probable cause to believe so, and the Court finds that Gray's failure to test his radar equipment that day does not create a genuine dispute of material fact. Furthermore, the Court finds that the Magistrate Judge properly considered and discounted any alleged inaccuracies in Gray's testimony, and the Court agrees with the Magistrate Judge that the evidence of record shows that Gray had probable cause to believe that a traffic violation had occurred. As the Magistrate Judge explained:

> The objective circumstances as supported by the evidence before this Court show that Defendant Gray, observing a vehicle traveling faster than the other cars in accordance with his training, [ ] activated his radar and determined that the vehicle was traveling at 77 miles per hour. [ ]

> These objective circumstances justify Defendant Gray's actions in initiating a traffic stop and demonstrate that, at a minimum, he had reasonable suspicion to believe a traffic infraction had occurred and, indeed, had probable cause to believe Plaintiffs were speeding. Even viewing the evidence in the light most favorable to Plaintiffs, the evidence before the Court would not allow a jury to find in Plaintiffs' favor. [ ] As such, because no

genuine dispute remains that the basis to execute the Traffic Stop was legitimate, satisfying the first prong under *Terry*, any claim based on the initial basis for the Traffic Stop should be dismissed.

(ECF No. 31 at 12 (citations omitted).)

Next, as to whether Defendants improperly extended the traffic stop, the Court notes that Plaintiffs' objections completely ignore the fact that Defendants had probable cause to believe that Plaintiffs failed to stop for blue lights. Indeed, as the Magistrate Judge properly concluded, "the evidence before the Court shows that the posture of the Traffic Stop, including its duration, the brandishing of weapons, and the use of handcuffs, was exacerbated *entirely because of the actions of Plaintiff Ivory Williams, as the driver of the Vehicle.*" (*Id.* at 13.) Indeed, the evidence when viewed in the light most favorable to Plaintiffs shows that Ivory Williams continued to drive for over six minutes after the officer's blue lights and sirens were engaged, and Ivory Williams disregarded Defendant Gray's orders over the loudspeaker.[2] This evidence plainly supports Defendants' belief that criminal activity may have been afoot, and the Court fully agrees with the Magistrate Judge that "Plaintiffs' failure to stop for an extended period made it objectively reasonable for officers to employ the high-risk stop procedures to handle the Traffic Stop." (*Id.* at 15-16.) Therefore, after *de novo* review, the Court finds that Defendants' actions in extending the traffic stop were entirely reasonable under the circumstances. As the Magistrate Judge correctly noted: "Though the total of approximately twenty minutes for the entire Traffic

---

[2] Plaintiffs make much of the fact that they called 9-1-1 while they were failing to stop for the officer's blue lights, but the Court notes that the evidence indicates that Plaintiffs called 9-1-1 mere seconds before their vehicle stopped and more than six minutes after Defendant Gray engaged his blue lights and siren. Plaintiffs also emphasize that they did not speed while failing to stop; however, as the Magistrate Judge noted movement "in other manner [to] avoid the pursuing law enforcement vehicle when signaled by a siren or flashing light is *prima facie* evidence of a violation of [S.C. Code § 56-5-750(A)]." S.C. Code § 56-5-750(A). (*See also* ECF No. 31 at 15-16, n. 6.)

Stop may have been longer than that required for a standard speeding ticket–as Plaintiffs initially faced before their failure to stop exacerbated the situation–their actions provided 'at least a minimal level of objective justification for the belief that criminal activity is afoot,' and prompted a different sequence of events that resulted in a more in-depth investigation, including cuffing Plaintiffs." (*Id.* at 17 (quoting *United States v. Bowman*, 884 F.3d 200, 213 (4th Cir. 2018)).)

Likewise, as to Defendants' alleged use of excessive force, the Court finds no error in the Magistrate Judge's analysis. As the Magistrate Judge explained, the Supreme Court has plainly held that no Fourth Amendment violation occurs when a law enforcement officer asks the driver to get out of a vehicle during a routine traffic stop, and the Fourth Circuit has held that an officer may handcuff a suspect when reasonably necessary to protect officer safety. (*Id.* at 18 (citing *Pennsylvania v. Mimms*, 434 U.S. 106 (1977), and *United States v. Crittendon*, 883 F.2d 326, 329 (4th Cir. 1989)).) As the Magistrate Judge also noted, in evaluating an officer's actions, courts consider whether they were objectively reasonable in light of the facts and circumstances surrounding the officer at the time and without regard to underlying intent or motivation. *See Graham v. Connor*, 490 U.S. 386 (1989). As set forth in *Graham*, three factors generally inform this analysis: "the severity of the crime"; (2) "whether the suspect poses an immediate threat to the safety of the officers or others"; and (3) "whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. The question of whether the officer's actions were objectively reasonable, after viewing the evidence in the light most favorable to the non-moving party, is a question of law for the courts. *Henry v. Purnell*, 652 F.3d 524, 531 (4 th Cir. 2011).

Here, Plaintiffs object that the Magistrate Judge erred in finding no genuine dispute

of fact as to Defendants' alleged use of excessive force.  After *de novo* review, however, the Court is not persuaded.  As the Magistrate Judge properly explained:

> Turning to the *Graham* factors, Defendants' actions were objectively reasonable.  Admittedly, the initial basis for the Traffic Stop–speeding–is not necessarily a "severe" crime for which force might be required.  However, the undersigned's "analysis must focus on the circumstances as they existed at the moment the force was used." [ ]  Plaintiffs' actions of continuing to drive without pulling over elevated the severity of the situation, leading Defendants to suspect that more criminal activity could be involved. [ ]  Plaintiffs failed to comply with Defendants' orders for over six minutes, instead continuing to drive, switch lanes, and ignore commands to pull over.

> As to the second *Graham* factor, at the time of the initial detainment, Defendants were unable to assess whether Plaintiffs posed a threat to their safety; however, Plaintiffs had just evaded police for over six minutes, such that a use of force was reasonable to effectuate the detention. [ ]

> This evasion also weighs in Defendants' favor with respect to the third *Graham* factor.  Though Plaintiffs did not increase their speed in failing to stop for Defendant Gray, their failure to stop was the entire basis for Defendants' employing the high-risk traffic stop protocol and detaining Plaintiffs–had they stopped, there is no indication that any of these measures would have been used. [ ]

(ECF No. 31 at 19-20 (internal citations omitted).)

Ultimately, based on the evidence of record, the Court finds that the force used here–the brandishing of firearms and handcuffing Plaintiffs–was entirely reasonable based on the totality of the circumstances, and the Court finds no genuine dispute of material fact as to whether Defendants' use of force was excessive.

Lastly, as to the Magistrate Judge's findings regarding qualified immunity, the Court finds after *de novo* review that Defendants Gray and Krapf did not violate Plaintiffs' constitutional rights and are therefore entitled to qualified immunity.  Furthermore, the Court notes that *even if* Defendants Gray and Krapf–the only two Defendants sued individually–had violated Plaintiffs' constitutional rights, they still would be entitled to

qualified immunity because their actions in connection with the traffic stop did not violate clearly established rights of which a reasonable person would have known.

In all, therefore, the Court fully agrees with the Magistrate Judge's careful and thorough analysis, and the Court finds Plaintiff's objections unavailing. Because Defendants are entitled to summary judgment on Plaintiffs' § 1983 claim, the Court also finds that judicial economy, convenience, fairness, and comity weigh in favor of declining to exercise supplemental jurisdiction over Plaintiffs' state law claims. Accordingly, the Court hereby remands Plaintiffs' remaining state law claims to the state court where Plaintiffs originally filed this action.

## CONCLUSION

Based on the foregoing, **the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 31); the Court grants Defendants' motion for summary judgment (ECF No. 19) as to Plaintiffs' federal claim arising under § 1983; and the Court remands Plaintiffs' remaining state law claims to the Beaufort County Court of Common Pleas.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 17, 2026
Charleston, South Carolina